| | |
|---|---|
| Attorney(s): | MICHAEL J. NOONAN, ESQ. |
| Law Firm: | Nowell Amoroso Klein Bierman, P.A. |
| Address: | 155 Polifly Road |
| | Hackensack, NJ 07601 |
| Telephone No.: | (201) 343-5001 |
| Fax No.: | (21 ) 343-5181 |
| E-mail: | |
| Attorney(s) for Plaintiff(s): ROBERT MELBER | |

**ROBERT MELBER**

Plaintiff(s)

vs.

Neelakshi Bhagat, M.D., Keegan Johnson, M.D., Scott M. Walsman, M.D.; Amir Cohen, M.D., Jung S. Lee, M.D., John Doe, M.D. I-V, and XYZ Corporations I-V,

Defendant(s)

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
ESSEX COUNTY

DOCKET NO. ESX-L-4005-11

CIVIL ACTION
**Summons**

From the State of New Jersey

To the Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey, and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of **$135.00** and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: May 17, 2011

*Jennifer M. Perez*
Jennifer M. Perez
*Superior Court Clerk*

Name of Defendant To Be Served: **Dr. Jung S. Lee**

Address of Defendant To Be Served: **Westwood Opthalmology Assoc.**
**300 Fairview Avenue, Westwood, NJ 07675**

31 - Summons - Law or Chancery Divisions
Superior Court - Appendix XII-A
Rev. 3/08   P8/08

Powered by
HotDocs

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International Inc.
www.aslegal.com   800.222.0510   Page 1

# Directory of Superior Court Deputy Clerk Offices

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main Street
Hackensack, NJ 07601-0769
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Floor, Court Facility,
49 Rancocas Road
Mount Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
First Floor, Hall of Justice
101 South Fifth Street
Camden, NJ 08103
LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 North Main Street, Box DN-209
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Streets, P.O. Box 10
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Floor, Court House
1 North Broad Street, P.O. Box 750
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Courthouse, First Floor
583 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 South Broad St., P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY**
Deputy Clerk of the Superior Court
Middlesex Vicinage
Second Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY**
Deputy Clerk of the Superior Court
Monmouth County Courthouse
71 Monument Park, P.O. Box 1269
Freehold, NJ 07728-1269
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Washington and Court Streets, P.O. Box 910
Morristown, NJ 07963-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Passaic County Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market Street, P.O. Box 29
Salem, NJ 08079
LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
40 North Bridge Street
P.O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
First Floor, Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Warren County Courthouse
413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(908) 475-2010

31 - Summons - Law or Chancery Divisions
Superior Court - Appendix XII-A
Rev. 3/08   P8/08

Powered by HotDocs

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510   Page 2

Nowell Amoroso Klein Bierman
155 Polifly Road
Hackensack, NJ 07601
(201)343-5001
(201)343-5181
Attorneys for plaintiff, Robert Melber

MAY 1 1 2011

FINANCE DIVISION
RECEIVED/FILED

ROBERT MELBER,

        Plaintiff,

v.

Neelakshi Bhagat, M.D., Keegan Johnson, M.D., Scott M. Walsman, M.D.; Amir Cohen, M.D., Jung S. Lee, M.D., John Doe, M.D. I-V (said names being fictitious, true identities presently unknown), and XYZ Corporations I-V, (said names being fictitious, true identities presently unknown),

        Defendant.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: ESSEX COUNTY

DOCKET NO.: ESX-L- 4005-11

Civil action

**COMPLAINT
AND JURY DEMAND**

Plaintiff, Robert Melber, residing at 30 Humboldt Street, Borough of Wood Ridge, County of Bergen, State of New Jersey, state that:

### FIRST COUNT

1. During all times mentioned herein, the defendants, Neelakshi Bhagat, M.D., Keegan Johnson, M.D., Scott M. Walsman, M.D.; Amir Cohen, M.D., Jung S. Lee, M.D., John Doe, M.D. I-V (said names being fictitious, true identities presently unknown), and XYZ Corporations I-V, (said names being fictitious, true identities presently unknown), were licensed and practicing physicians in the State of New Jersey, holding themselves out as physicians trained to work at the medical facility at the United States Department of Veterans Affairs, East Orange campus of the VA, New Jersey Health Care System at 385 Tremont Avenue, East orange, New Jersey 07018-1095.

1

2. During all times mentioned herein, the defendants named above were licensed, practicing physicians of the State of New Jersey, holding themselves out as specialists in ophthalmology.

3. On or about May 11, 2009, right eye retinal detachment surgery was performed upon plaintiff at the East Orange Campus of the VA, New Jersey Health Care System, 385 Tremont Avenue, East Orange, New Jersey by defendants Neeakshi Bhagat, M.D. and Keegan Johnson, M.D.

4. On or about June 8, 2009, cataract extraction with implantation of intraocular lens surgery was performed at the above named East Orange Campus medical facility by defendants Scott M. Walsman, M.D. and Amir Cohen, M.D.

5. During all times mentioned herein, defendant Jung S. Lee, M.D. was Chief of Ophthalmology at the East Orange Campus medical facility named above and as such was directly involved in the medical care provided to plaintiff and supervised and monitored plaintiff's medical care at the East Orange Campus facility.

6. During all times mentioned herein, defendants, as named aforesaid, did have a duty to undertake care, treatment, and evaluation of plaintiff, Robert Melber in a careful and prudent manner consistent with the requisite skill, care, and judgment required under the circumstances.

7. During all times mentioned herein, defendants, as named aforesaid, did fail in their duty to undertake appropriate care, treatment and evaluation of plaintiff, Robert Melber, in that they failed to provide him with the requisite professional skill, care and judgment required under the circumstances, and they further failed to properly communicate the results of testing undertaken by plaintiff.

8. As a result of the breach of duty of defendants, named aforesaid, regarding their failure to provide plaintiff with proper medical care and treatment, plaintiff, Robert Melber, suffered severe, painful bodily injuries, which injuries caused him great pain and suffering, incapacitated him from pursuing his daily activities and have left him with permanent disabilities, including the loss of vision in his right eye. These disabilities will in the future, similarly incapacitate him, cause him pain and suffering and require medical treatment.

9. Beginning on or about May 11, 2009, defendants named aforesaid, undertook an endeavor to perform, and did perform, certain medical treatment and procedures upon the person of plaintiff, Robert Melber, and undertook an endeavor to treat and advise plaintiff, Robert Melber, professionally, and prior to and subsequent to the performance of the medical treatment and procedures.

10. The medical treatment and procedures and advice and care were given and rendered in an improper, negligent, and careless manner, in that the defendants, named aforesaid, failed to employ the knowledge, skill, care, and diligence commonly and ordinarily possessed by, and required of physicians in the locality where the defendants practice; and that they failed to properly advise and instruct plaintiff, Robert Melber, concerning medical treatment, care, maintenance, and procedures, in that they failed to properly diagnose, treat, and prescribe for the condition for which the plaintiff, Robert Melber was suffering from on or about May 11, 2009; and the defendants, named aforesaid, were otherwise careless and negligent in the circumstances by failing to employ reasonable and proper steps, procedures and practices for the health, welfare, and safety of plaintiff, Robert Melber, and to avoid injury to him.

3

11. By reason of the foregoing, plaintiff, Robert Melber was rendered sick, sore, and disabled, and was compelled to undergo more risky and painful procedures, to endure more suffering, to experience extreme pain and to incur diverse obligations and ultimately was caused to lose vision in his right eye.

12. The injuries sustained by plaintiff, Robert Melber were caused by the carelessness, recklessness, misfeasance, malfeasance, negligence, and malpractice of the defendants, named aforesaid, their agents, servants, and/or employees, without any negligence of the plaintiff contributing thereto.

13. The damages and injuries to the plaintiff were caused by reason of the carelessness and negligence of the defendants named aforesaid.

14. The defendants named aforesaid committed other acts and omissions all of which together constitute negligence and professional malpractice.

15. The negligence, recklessness, carelessness, misfeasance, malfeasance, negligence, and malpractice of the defendants, named aforesaid, their agents, servants, and/or employees consisted of, among other things, in failing to employ the knowledge, skill, care and diligence commonly and ordinarily possessed by, and required of physicians in the locality where the defendants practiced, in failing to properly advise and instruct the plaintiff concerning alternative procedures ; in failing to properly diagnose, treat, and prescribe for the condition for which the plaintiff was suffering in May 2009; in failing to employ reasonable and proper steps, procedures and practices for the health, welfare, and safety of plaintiff, and to avoid injury to him in failing to treat the plaintiff in accordance with the accepted medical standards in the State of New Jersey; in causing, allowing and permitting their agents, servants and/or employees who did not posses the necessary skills to treat plaintiff and/or if they did posses such skills,

4

in failing to employ them properly and in accordance with good and proper care in the treatment of plaintiff in hiring inept, incompetent, and insufficient personnel, in failing to properly supervise the medical treatment given to plaintiff; failing to accord proper care and treatment to plaintiff; in causing, allowing, and permitting injury to plaintiff by reason of the manner in which procedures were performed; in performing medical procedures and in careless, recklessness, and negligent manner; in failing to utilize all existing diagnostic techniques, procedures, and instrumentality which would have revealed plaintiff's condition; in failing to properly perform surgical procedures, in mismanaging the care, diagnosis, and treatment of plaintiff; in negligently, carelessly and recklessly departing from accepted medical standards, before, during and after undertaking procedures which were inadequate, inappropriate, and affirmatively damaging to the plaintiff; in failing to care for plaintiff in accordance with accepted practice from the time he came under the care of the defendants, named aforesaid, their agents, servants, and/or employees, until the time of his discharge; in failing to properly use those diagnostic measures and procedures readily available; in failing to test properly; in failing to call into consult sufficient and necessary medical experts; in failing to warn the plaintiff of the dangers then and there existing; in failing and omitting to exercise and take proper care and caution in the rendering of treatment to plaintiff; in failing to exercise reasonable care under the circumstances dictated so as to prevent the unfavorable results, injury, and conscious pain and suffering resulting therefrom; and in other ways being reckless, careless, and negligent, guilty of misfeasance, malfeasance, and malpractice in the premises.

16. By reason of the recklessness, carelessness, negligence, misfeasance, malfeasance, and malpractice of the defendants, named aforesaid, their agents, servants

and/or employees, as aforesaid, during all the time that plaintiff was under the care of the defendants, named aforesaid, their agents, servants and/or employees, the plaintiff experienced great pain and suffering. As a result thereof, plaintiff was rendered sick, sore, and disabled, and was compelled to undergo more risky and painful procedures, to endure more suffering, to experience extreme pain, and to incur diverse obligations, ultimately losing vision in his right eye.

WEREFORE, plaintiff, Robert Melber, demands judgment against the defendants, named aforesaid, in their individual capacity, jointly, severally, or in the alternative for damages, interests, counsel fees, and costs of suit.

## SECOND COUNT

1. Plaintiff repeats, reiterates and re-alleges each and every allegation as contained in the First Count of this Complaint.

2. The defendants, named aforesaid, negligently failed to provide the professional care and treatment for which their services were engaged; that the defendants further failed to disclose in a manner permitting an intelligent medical evaluation, alternatives, and reasonably foreseeable risks and benefits in the care given and the procedures performed; that disclosure should have been in a manner that a reasonable medical practitioner, under similar circumstances, would have disclosed; that had the defendants, named aforesaid, advised plaintiff of the alternatives and hazards of said treatments, plaintiff as a reasonably prudent person would not have undergone treatment.

3. Defendants', named aforesaid, failure to provide informed consent to the plaintiff was a proximate cause of his injuries, including the loss of vision in his right eye, for which recovery is sought; and the failure of the defendants, named aforesaid, to

6

properly inform plaintiff, further violated the applicable statutes and regulations of the State of New Jersey.

WHEREFORE, plaintiff, Robert Melber, demands judgment against all defendants, named aforesaid, in their individual capacity, jointly, severally, or in the alternative for damages, interests, counsel fees, and costs of suit.

### CERTIFICATION PURSUANT TO R. 4:5-1

Pursuant to R. 4:5-1, plaintiff hereby certifies that we have no knowledge of any other pending actions or proceedings concerning the subject matter of this action. It is not anticipated at this time that there is any other party who should be joined in this action.

### DEMAND FOR INTERROGATORIES

Plaintiff, Robert Melber, hereby demands that all defendants served herein, provide answers to Form C and C(3) Interrogatories within the time provided under the Rules of Court.

### DEMAND FOR INSURANCE COVERAGE

Plaintiff, Robert Melber, demands within twenty (20) days, a copy of the declaration sheet along with all applicable coverage available to all defendants named herein.

### JURY DEMAND

Plaintiff, Robert Melber, hereby demands a trial by jury on all counts of the Complaint.

## DESIGNATION OF TRIAL COUNSEL

Michael J. Noonan, Esq. is hereby designated as trial counsel for plaintiff in the above matter.

Nowell Amoroso Klein Bierman
Attorneys for plaintiff,
Robert Melber

_____
Michael J. Noonan

Dated: May 10, 2011

MAY 11 2011

FINANCE DIVISION
RECEIVED/FILED

8